# CIRCUIT COURT OF MONTGOMERY COUNTY

Sharon M. Knight

v.

Beverly Biancur
and Town of Blacksburg

October 10, 2008

Case No. CL04-16298

BY JUDGE RAY W. GRUBBS

Before the Court is defendants' Motion for Judgment Notwithstanding the Verdict or Alternatively for Remittitur. Evidence at trial was sufficient to establish that the actions of the defendants, or their inactions, were the proximate cause of the accident as is fully set out in the record. For reasons previously stated, the Court determined that the defendants were not entitled to the benefit of Sovereign Immunity and that Ms. Knight, the plaintiff, was entitled to recover for emotional distress. Further, the evidence supports a verdict against the defendants. Defendants' Motion to Set Aside the Verdict is denied.

Next, the Court must address defendants' motion as to whether remittitur is appropriate due to the jury's verdict of $350,000.00, which defendants claim to be excessive for the injuries sustained by Ms. Knight, or granting a new trial on issue of damages.

Virginia Code Ann. §§ 8.01-383 and 8.01-383.1 grants to the Court statutory authority for remittitur when it is determined that the jury's award is excessive. The evidence must be considered in the light most favorable to the plaintiff for whom the verdict was returned, and the Court must not substitute its own judgment for that of the jury if an award is returned greater than what the Court would have awarded.

Where a verdict appears to be a result of passion, prejudice, or corruption of the facts or misconceptions of the law or where there is such disproportion between the injury complained of and the verdict so as to suggest the decision was not fair and impartial, the Court must set the award aside and grant a new trial on damages or put the plaintiff on terms. *Miller v. Vaughan Motor Co.*, 207 Va. 900, 153 S.E.2d 266 (1967).

In the case at bar, there were no liquidated damages before the jury, thus, it is unreasonable to grant a now trial on this issue.

Following the accident, the plaintiff was taken by emergency vehicle to the local hospital where she received treatment by the emergency room physician after which she was released to return home. Approximately, 1½ years later, with complaints of nightmares and distress at driving through the intersection at the accident sight, she sought treatment from a psychologist with whom she had eleven sessions over approximately a six month period. Additionally, Ms. Knight met with a licensed clinical social worker, who is also a registered nurse and wife of the treating psychologist for eleven counseling sessions. Ms. Knight, according to her psychologist, made a good recovery and continued at her work throughout counseling.

As to whether remittitur is appropriate in this case, certain circumstances must be fully examined. There were no special or liquidated damages put before the jury for consideration. In her closing argument, the jury was advised that Ms. Knight sought compensatory damages in the amount of $750,000. The jury was instructed, however, that the amount sued for is not evidence in the case and should not be considered as such. Further, Ms. Knight was not hospitalized following the accident other than her initial emergency room treatment. No further treatment nor counseling was sought for approximately 1½ years. When she did seek counseling for her "peace of mind" issues, she continued to work and her recovery was good. Her counseling was completed over a course of about six months.

The Court is forced to conclude that the jury's verdict is so significantly out of proportion to her injury as to suggest it is unfair and a product of sympathy and prejudice in favor of Ms. Knight, who in all candor, was presented as a sympathetic person upon the witness stand. The Court determines that the jury's award of $350,000 is excessive, based upon the above and it could only have been motivated by sympathy for Ms. Knight. Further, in consideration of the above, the Court grants remittitur reducing the jury's verdict to $50,000.00.